UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

**NIGHT BOX**
**FILED**

CASE NO. 05-20954-CIV-MORENO/SIMONTON

MAY 16 2005

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

STEVEN M. BIRCOLL,

      Plaintiff,

vs.

MIAMI-DADE COUNTY, *et al.*

      Defendants.

_____/

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
### COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 17(b), Defendants, the Miami-Dade Police Department and the Miami-Dade Department of Corrections and Rehabilitation (collectively the "Departments"), hereby submit their motion and memorandum to dismiss Plaintiff's complaint, and in support state:

1.     The claims against the Departments must be dismissed for failure to state a claim against them upon which relief can be granted, because the Departments are not legal entities subject to suit and are not *sui juris*.

2.     In order to assert a viable claim, Plaintiff must name as defendants entities that are subject to being sued.

3.     Under Florida law, the Departments are not legal entities capable of suing or subject to suit. *See, e.g., Florida City Police Department v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3rd DCA 1995). In *Corcoran*, the Third District Court of Appeal reasoned that a police



department is simply the vehicle through which a local government entity fulfills its policing functions, and as such lacks the capacity to be sued. *Id.*

4.      In *Prieto v. Metropolitan Dade County,* 718 F. Supp. 934, 935 n.1 (S.D. Fla. 1989), the court declined to consider claims brought against the Miami-Dade Police Department and the Dade County Building and Zoning Department because those departments "are divisions of Metropolitan Dade County and are not *sui juris* and subject to suit." *Id.*

5.      Other courts in Florida have uniformly dismissed actions against county departments, because such departments are not *sui juris* under Florida law.  For instance, in *Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990), the court dismissed the Fort Lauderdale Police Department and the Fort Lauderdale Building and Zoning Department from a suit involving alleged civil rights violations, after noting that individual departments could not be sued. *Id.*  Similarly, in *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989), the court dismissed claims against the Miami Police Department because the department was not subject to suit. *Id.*; *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (affirming dismissal of claims against sheriff department and explaining that as a general matter, police departments are not considered legal entities subject to suit).

6.      Plaintiff has sued the Departments, entities that are not *sui juris*, not capable of suing or subject to suit, but which are rather merely divisions of Miami-Dade County.  As the above case law demonstrates, the Departments are not proper parties to this action, and the claims against the Departments must be dismissed, with prejudice as to the Defendant Departments.

For these reasons, the Defendant Departments respectfully request that the Court grant their motion to dismiss.

Respectfully submitted,

ROBERT A. GINSBURG
Dade County Attorney
111 N.W. 1ˢᵗ Street, Suite 2810
Miami, Florida 33128
Tel: (305)375-5151
Fax: (305) 375-5611
E-mail: eah@miamidade.gov
By:_____
Eric A. Hernandez
Assistant County Attorney
Florida Bar. No. 0340730

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed via U.S. Mail this 16th day of May, 2005 to: Jay M. Levy, Esq., 9130 S. Dadeland Blvd., Suite 1510, Two Datran Tower, Miami, Florida 33156.

_____
Assistant County Attorney