

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

CASE NO. 05-20954-CIV-MORENO/SIMONTON

STEVEN M. BIRCOLL,

        Plaintiff,

vs.

MIAMI-DADE COUNTY, *et al.*

        Defendants.

_____/

## DEFENDANT MIAMI-DADE COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Miami-Dade County answers Plaintiff Steven M. Bircoll's complaint as follows:

1.    Defendant admits the allegations contained in paragraph 1 of Plaintiff's complaint to the extent that Plaintiff is seeking relief against Defendant pursuant to Title II of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, section 504 of the Rehabilitation Act of 1973, as amended, or the Civil Rights Act, 42 U.S.C. § 1983.  Defendant also admits, for jurisdictional purposes only, the remaining allegations contained in paragraph 1 of Plaintiff's complaint.  Defendant, however, denies that it violated any law or that Plaintiff is entitled to any relief sought in the complaint.

2.    Defendant admits, for venue purposes only, the allegations contained in paragraph 2 of Plaintiff's complaint.  Defendant, however, denies that Plaintiff is entitled to any relief sought in the complaint.



3.    Defendant is without knowledge as to the allegations contained in paragraphs 3, 4, 5, 15, 30, and 33, and therefore denies those allegations at this time.

4.    Defendant denies the allegations contained in paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, 34, 35, 36, 38, 39, 41, 42, 43, 44, 46, and 47 and all other allegations of the complaint not specifically admitted herein.[1]

5.    With respect to the allegations contained in paragraph 37, 40, and 45 of the complaint, Defendant restates its responses to paragraphs 1-36 of the complaint.

6.    Defendant denies all other allegations of Plaintiff's complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to allege a cognizable claim upon which relief can be granted.

2.    Any actions taken with respect to Plaintiff were taken in good faith and for legitimate, non-discriminatory, and non-pretextual reasons.

3.    Plaintiff's course of conduct during the arrest and investigation, constitutes a waiver of the claims asserted in his complaint.

4.    Plaintiff is estopped from maintaining this action because of his conduct during the arrest and investigation.

5.    Plaintiff's complaint must be dismissed because Plaintiff did not suffer any material injury, nor incurred damages, caused by Defendant.  In addition, Plaintiff's claims for punitive damages must be stricken as they cannot be brought against Defendant.

6.    Plaintiff's claims are barred by the applicable statute of limitations.

---

[1] Although the last three paragraphs in Plaintiff's complaint are labeled 43, 44, and 45, they are actually paragraphs 45, 46, and 47 respectively, and are referred to herein as such.

*Bircoll v. Miami-Dade County, et al.,*
Case No. 05-20954-CIV-Moreno/Simonton
Page 3

7.    Plaintiff's claims are barred pursuant to the immunity conferred to Defendant by the Eleventh Amendment of the United States Constitution.

WHEREFORE, Defendant prays for judgment as follows:

1.    That judgment be entered in favor of Defendant and against Plaintiff and that the complaint be dismissed with prejudice;

2.    That Defendant be awarded costs incurred in defending the suit herein;

3.    That Defendant be awarded reasonable attorneys' fees as may be determined by the Court; and

4.    For such other and further relief as the Court may deem just and proper.


Respectfully submitted,

ROBERT A. GINSBURG
Miami-Dade County Attorney
111 N.W. 1st Street, Suite 2810
Miami, Florida  33128
Tel: (305)375-5151
Fax: (305) 375-5611
E-mail: eah@miamidade.gov
By: *Eric Hernandez*
        Eric A. Hernandez
        Assistant County Attorney
        Florida Bar. No. 0340730


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed via U.S. Mail this 19th day of May, 2005 to: Jay M. Levy, Esq., 9130 S. Dadeland Blvd., Suite 1510, Two Datran Tower, Miami, Florida 33156.

*Eric Hernandez*
Assistant County Attorney