UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20954-CIV-MORENO/SIMONTON

STEVEN M. BIRCOLL,

        Plaintiff,

vs.

MIAMI-DADE COUNTY,

        Defendant.
_____/

### DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT II OF THE COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendant Miami-Dade County (the "County") respectfully submits that Plaintiff Steven M. Bircoll cannot assert a viable cause of action for deprivations of his constitutional civil rights under the Civil Rights Act, 42 U.S.C. § 1983 (§ 1983)(count II). Accordingly, pursuant to Fed. R. Civ. P. 12(c), the County moves this Court for a judgment on the pleadings on Plaintiff's § 1983 claims.

### BACKGROUND

This case arises out of the stop, arrest, and brief detention of Plaintiff for driving under the influence of alcohol ("DUI") on April 7, 2001. On April 7, 2005, exactly four years after the DUI arrest and on the last date that this lawsuit could be filed, Plaintiff filed his complaint against the County. In count II of the complaint, Plaintiff alleges that the County violated his Eighth Amendment constitutional right to be free from cruel and unusual punishment and his Sixth Amendment right to counsel.[1] Complaint at ¶¶ 41-44. On the basis of his § 1983 claims, Plaintiff requests pecuniary damages, compensation for monetary loss, punitive damages,[2] and an award of attorney's fees costs associated with filing this lawsuit. *Id.* at 12. As Plaintiff, however, does not, and cannot, assert a constitutional claim for which relief can be granted, the Court must dismiss count II of the complaint.

---

[1] In response, the County filed an answer stating that for several reasons it is entitled to judgment as a matter of law, including that Plaintiff does not allege a cognizable claim nor were his alleged damages, if any, caused by the asserted violations of law. Answer at 2-3

[2] Plaintiff's claim for punitive damages must be stricken, as municipalities are immune from punitive damages in actions brought under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

## STANDARD OF REVIEW

On a motion for judgment on the pleadings for failure to state a claim upon which relief can be granted, the same standard applied to a motion to dismiss is applied to the motion for judgment on the pleadings. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 8 (11th Cir. 2002)(on legal question of whether count in complaint stated a claim for relief standard of review on motion to dismiss is identical to the standard utilized on motion for judgment on the pleadings); *Hallberg v. Pasco County, Fla.*, 1996 WL 153673, *2 (M.D. Fla. Mar. 18, 1996) (same). On a motion for judgment on the pleadings, the court accepts the facts in the complaint as true and the pleadings in the light most favorable to the nonmoving party. *See Hawthorne v. MAC Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *Hallberg*, 1996 WL 153673 at *2. The complaint may not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.* Also, "conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." *S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n. 10 (11th Cir. 1999). Thus, the courts only treat well-pled allegations in the complaint as true. *See Brandt v. The Weather Channel*, 42 F.Supp.2d 1344, 1345 (S.D. Fla. 1999). The County now turns to its analysis of Plaintiff's § 1983 claims.

## PLAINTIFF'S SECTION 1983 CLAIMS

### I. Plaintiff Fails to Allege a Cognizable § 1983 Claim for Deprivation of Constitutional Rights Against the County

Plaintiff's § 1983 claim fails as a matter of law. To impose liability pursuant to § 1983 for a violation of his constitutional rights, Plaintiff must establish: (1) that his constitutional rights were violated; (2) that the County had a policy or custom that constituted a deliberate indifference to his constitutional rights; and (3) that the deficient policy or custom caused the violation. *Card v. Miami-Dade County, Fla.*, 147 F.Supp.2d 1334, 1340 (S.D. Fla. 2001)(citations omitted).

"The Supreme Court has placed strict limitations on municipal liability under § 1983." *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). "A municipality cannot be held liable under § 1983 or a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official

policy, inflicts the injury, that the government entity is responsible under § 1983. *Id.* at 694. The Plaintiff must therefore allege, and then prove, the existence of an unconstitutional municipal policy, *see City of St. Louis v. Praprotnik*, 485 U.S. 112, 128 (1988); *Maughon v. Bibb County*, 160 F.3d 658, 659-60 (11th Cir. 1998), as well as "identify those officials who speak with final policymaking authority for that local government entity concerning the act alleged to have caused the particular constitutional violation in issue." *Grech*, 335 F.3d at 1330.

> As our municipal liability jurisprudence illustrates, however, it is not enough for § 1983 liability to merely identify conduct properly attributable to the municipality. The Plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was that 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct cause or link between the municipal action and the deprivation of federal rights.

*Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997).

Plaintiff has not, and cannot, allege or identify any policy or custom of the County that caused any purported constitutional violation. As Plaintiff does not allege, and cannot prove, that the County *deliberately* engaged in conduct that was the moving force behind the alleged Sixth and Eighth Amendment constitutional violations, such claims in count II of the complaint are nothing more than conclusory allegations that must be dismissed.

### II. Plaintiff Cannot Establish that the County Violated the Eighth Amendment.

In count II of the complaint, Plaintiff generally alleges that his conditions of confinement at Turner Gulford Knight correctional facility ("TGK") violated his Eighth Amendment constitutional right to be free from cruel and unusual punishment. Complaint at ¶¶ 41-44.

The Eighth Amendment prohibitions against cruel and unusual punishment do not apply to pretrial detainees. *Snow v. City of Citronelle, Al.*, 420 F.3d 1262, 1268 (11th 2005). Rather, pretrial detainees' claims concerning conditions of confinement are decided under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 & n. 16 (1979). It is clear from the allegations in Plaintiff's complaint that he was a pretrial detainee during his brief detention at TGK on April 7, 2001. Complaint at ¶¶ 32, 35-36. Plaintiff, however, fails to make any mention of the Fourteenth Amendment in the complaint. Therefore, as Plaintiff cannot allege a constitutional violation on the basis of the Eighth Amendment this Court should dismiss this claim. *See id.*; *Cotney v. Franklin*, 2005 WL 1514047, *6 (M.D. Ala.

Jun 24, 2005)(dismissing pretrial detainee's claim for violation of the Eighth Amendment); *Browder v. Amkron*, 2005 WL 1026045, *2 (W.D. Ky. April 25, 2005)(same).

Even if Plaintiff had properly pled this claim under the Fourteenth Amendment and *Grech*, 335 F.3d at 1329-30 (requiring that a plaintiff allege and prove that an official custom or policy of the government, adopted by a final policymaker, caused the injury at issue), the allegations in the complaint do not state a claim under the Constitution. Plaintiff claims that he was held in solitary confinement for an inordinate amount of time without food, water, or accommodations for his alleged disability. Complaint at ¶ 41-43. The test for establishing a violation is decidedly onerous, as conditions-of-confinement claims under the Fourteenth Amendment are judged by the same standard used to judge claims under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985)("This court holds that in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons."); *Drake v. Velasco*, 207 F. Supp. 2d 809, 812 (N.D. Ill. 2002)("The standard for analyzing a pretrial detainee's Fourteenth Amendment due process claim is identical to the standard employed in evaluating a convicted inmate's Eighth Amendment claim of cruel and unusual punishment.").

Thus, to state a claim for unconstitutional conditions of confinement, "a plaintiff must show something more than discomfort." *Drake*, 207 F. Supp. 2d at 812. Rather, a plaintiff must allege "an extreme deprivation" of the "'minimal civilized measure of life's necessities.'" *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998)(quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992)("[E]xtreme deprivations are required to make out a conditions-of-confinement claim."). Moreover, even extreme deprivations will not suffice if they exist only for a short period of time. *See Hutto v. Finney*, 437 U.S. 678, 687 (1978)(recognizing that conditions that might be violative of the Eighth Amendment if allowed to exist for weeks "might be tolerable for a few days"); *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994)("[C]ourts have likewise found that certain conditions are not cruel and unusual because the inmate was subjected to the condition for only a short period of time.").

Accordingly, courts routinely reject claims based on temporary deprivations of food, water, and bathroom privileges. *See, e.g., Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188

(10th Cir. 2003)("Mr. Ledbetter's contention that he was placed in his bare feet in a cell without a toilet for five hours does not allege a sufficiently serious deprivation to constitute a constitutional violation."); *Duncan v. Levenhagen*, 2000 WL 557009, at *1 (7th Cir. Apr. 26, 2000)(holding that "placement in a strip cell without food for ten to twelve hours" failed to state a claim under the Constitution); *Rush v. Astacio*, 1998 WL 480751, at *1-2 (2d Cir. July 31, 1998)(affirming dismissal where plaintiff alleged that he was refused food for 12 hours and kept in a "very cold" room for 6.5 hours); *Malcolm v. Jones*, No. 88-7294, 1989 WL 42518, at *1 (4th Cir. Apr. 27, 1989)("Because Malcolm was detained for only twelve hours, his allegations concerning cell conditions and lack of food and water do not rise to the level of constitutional violations."); *Whitted v. Lazerson*, 1998 WL 259929, at *1-2 (S.D.N.Y. May 21, 1998)(rejecting claim where plaintiff had been denied bathroom privileges for so long that he "was forced to hold his bowel movement at painful levels, and at times partially urinated and defecated in his clothing"); *Goodman v. Town of Golden Beach*, 988 F. Supp. 1450, 1458 (S.D. Fla. 1997)(Gold, J.)(rejecting claim where police detained arrestee in a locked car for 4.5 hours without water and the use of a bathroom).

None of Plaintiff's allegations regarding the conditions of his confinement rises to the level of a constitutional violation. Being held in a cell separately from other detainees without food, water, or accommodations for his deafness from the morning to the evening does not constitute a Fourteenth Amendment violation. *See Duncan*, 2000 WL 557009 at *1 (finding no violation where plaintiff was denied food for 12 hours); *Rush*, 1998 WL 480751 at *1-2 (same); *Malcolm*, 1989 WL 42518 at *1 (same). This is especially so in light of Fla. Stat. § 316.193(9), which states that a DUI arrestee, such as Plaintiff, cannot be released from custody until eight hours from the time of arrest has elapsed.[3] As Plaintiff does not allege "an extreme deprivation of any 'minimal civilized measure of life's necessities,'" *Davis*, 157 F.3d at 1006 (quoting *Wilson*, 501 U.S. at 304), the allegations of cruel and unusual punishment in Plaintiff's complaint must be dismissed.

---

[3] In addition, although not relied on for the purposes of this motion, it is worth noting that Plaintiff testified that he suffered no physical harm during his encounter with the County. Bircoll's Dep. at 70.

### III. Plaintiff Cannot Establish that the County Violated the Sixth Amendment

In count II of the complaint, Plaintiff alleges: "Defendants consistently ignored Plaintiff's repeated requests for counsel, thereby violating his right under the [Sixth] Amendment to the United States Constitution." For several reasons, Plaintiff's claim fails as a matter of law.

A person's Sixth Amendment right to counsel (made applicable to states by the Fourteenth Amendment, *See Kirby v. Illinois,* 406 U.S. 682, 689 (1972)) attaches only after the government initiates adversarial judicial proceedings and has committed itself to prosecute that person. *Id.*; *Lumley v. City of Dade City, Fla.,* 327 F.3d 1186, 1195-96 (11th Cir. 2003); *United States v. Langley,* 848 F.2d 152, 153 (11th Cir. 1988). Accordingly, in *Langley* the Eleventh Circuit held that the mere filing of a complaint and the issuance of a warrant for the accused's arrest does not constitute a formal commitment by the government to commence a criminal prosecution for the purposes of the Sixth Amendment. 848 F.2d at 153.

First, in this case, although the Sixth Amendment only applies to the States pursuant to the Fourteenth Amendment, *See Kirby,* 406 U.S. at 689, Plaintiff makes no mention of the Fourteenth Amendment in the complaint. Complaint at ¶¶ 41-44. Moreover, Plaintiff also has not properly pled his Sixth Amendment right to counsel claim under *Grech,* 335 F.3d at 1329-30 (requiring that a plaintiff allege and prove that an official custom or policy of the government, adopted by a final policymaker, caused the injury at issue). For these reasons alone, Plaintiff's complaint must be dismissed.

Likewise, Plaintiff does not allege, and cannot demonstrate, that he appeared before a judicial officer at a first appearance or arraignment prior to his release on April 7, 2001. *See, e.g.,* Fla. R. Crim. P. 3.130 (First Appearance). Neither does Plaintiff allege, nor can he demonstrate, that the State Attorney filed with the criminal court documents formally charging him with a crime at the time he was being held in custody. *See, e.g.,* Fla. R. Crim. P. 3.134 (Time for Filing Formal Charges), 3.140 (Indictments; Informations). As Plaintiff did not allege that adversary judicial proceedings were initiated prior to or during his detention, he cannot establish a violation of his Sixth Amendment right to call a lawyer or even to be informed of the charges against

him.[4] *Langley*, 848 F.2d at 153; *Lumley*, 327 F.3d at 1195-96 (finding Sixth Amendment right to counsel claim foreclosed because formal criminal proceedings had not been initiated); *Purvis v. City of Orlando*, 273 F.Supp.2d 1321, 1325 (M.D. Fla. 2003)(same); *see also Warren v. City of Lincoln, Neb.*, 864 F.2d 1436, 1442 (8th Cir. 1989)(Sixth Amendment right to counsel was not violated, as that right had yet to attach); *Kladis v. Brezek*, 823 F.2d 1014, 1018 (7th Cir.1987)(no constitutional right to be informed of reason for arrest until government has committed itself to prosecution); *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir.1986)(no Sixth Amendment right to call attorney before formal charges are filed with criminal court); *State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1144 (7th Cir.)(no right to telephone call before accusatorial questioning or adversarial proceedings), *cert. denied*, 464 U.S. 995 (1983); *Ledbetter v. Board of County Com'rs of County of Shawnee, Kan.*, 2001 WL 705806, *2 (D. Kan. May 31, 2001)("Because plaintiff has not alleged any adversary proceeding before or during his detention, he cannot establish a violation of a constitutional right to be informed of the charges against him or to call a lawyer."); *Fillmore v. Ordonez*, 829 F.Supp. 1544, 1563 (D. Kan.1993) (no right to call counsel prior to arraignment), *aff'd*, 17 F.3d 1436 (10th Cir.1994).

The legal conclusion that Plaintiff's right to counsel was not and could not have been implicated is clearly supported by several Florida appellate courts decisions plainly holding that DUI arrestees are not entitled to counsel while at the scene of a stop or while at a police station before a breath test is administered.[5] *See State v. Burns*, 661 So. 2d 842 (Fla. 5th DCA 1995); *Nelson v. State*, 508 So. 2d 48 (Fla. 4th DCA 1987); *State v. Hoch*, 500 So. 2d 597 (3d DCA 1986); *see also Phillips v. State*, 612 So. 2d 557, 559 (Fla. 1992)(holding that Sixth Amendment right to counsel attached at first appearance). In *Hoch*, the Florida Third District Court of Appeals held that a DUI arrestee did not have a Sixth Amendment right to counsel before taking a breath test. 500 So. 2d at 598-99. Relying on several cases including *Kirby*, the Third District reasoned that the stage after arrest but before the initiation of criminal proceedings was not a critical stage in the prosecution that triggered the Sixth Amendment right to counsel. *Id.*

---

[4] Although it is not clear from the complaint whether Plaintiff's claim is that he must be provided an attorney upon request, such claim is absurd on its face. First, it is the duty of the State of Florida and not of the County (the Miami-Dade County Police Department or the Miami-Dade County Department of Rehabilitation and Corrections, to appoint counsel to arrestees that cannot afford to hire counsel. *See* Fla. R. Crim. P. 3.160(e). Moreover, it would be absurd to require an attorney to be in the squad car, at the stationhouse, or at the jail for the use of all arrestees requesting counsel.

[5] A breath test is a test that measures the alcohol content of a person's breath.

Furthermore, the Third District in *Hoch* also stated:

> [F]or the ... right to counsel to apply, the person must be making a communication that could incriminate him. The fifth amendment cannot apply to evidence which is nontestimonial or noncommunicative in nature. *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983); *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *C. Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). The results of a breathalyzer test, like speaking or writing for identification, photographs, fingerprints, or the physical appearance and gestures of a defendant, are physical evidence and are not testimonial. *Schmerber*, 384 U.S. at 764, 86 S.Ct. at 1832, 16 L.Ed.2d at 916; *see Neville*, 459 U.S. at 559, 103 S.Ct. at 920, 74 L.Ed.2d at 756; *Gilbert*, 388 U.S. at 266-67, 87 S.Ct. at 1953, 18 L.Ed.2d at 1182-83. As a person's breath is not protected by the ... right against self-incrimination, a person has no ... right to consult with an attorney prior to deciding whether to submit to a breathalyzer.

500 So. 2d at 599. With the exception of being read the implied consent form pertaining to the breath test, Plaintiff does not allege that at any point he was interrogated with respect to the details of his DUI arrest. Complaint at ¶¶ 26-28. As such, Plaintiff has not and cannot allege a cognizable claim for deprivation of the right to counsel during his DUI arrest and brief detention. *Hoch*, 500 So. 2d at 599; *United States v. Wade*, 388 U.S. 218, 227-28 (1967)(under Sixth Amendment, preparatory steps such as systematized or scientific analyzing of accused's fingerprints, blood sample, clothing, hair, are not critical stages of proceedings as there is minimal risk that counsel's absence at such stages might derogate right to a fair trial); *Lumley*, 327 F.3d at 1196 (where interrogation did not occur right to counsel cannot be implicated).

## CONCLUSION

For all the foregoing reasons, the County is entitled to a judgment on the pleading with prejudice on Plaintiff's § 1983 claims.

Respectfully submitted,

MURRAY A. GREENBERG
Miami-Dade County Attorney
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128
Tel: (305) 375-5151
Fax: (305) 375-5634
E-mail: eah@miamidade.gov

By: *[signature]*
Eric A. Hernandez
Assistant County Attorney
Florida Bar No. 340730

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed via U.S. Mail and facsimile this 21st day of October, 2005 to: Jay M. Levy, Esq., 9130 S. Dadeland Blvd., Suite 1510, Two Datran Tower, Miami, Florida 33156.

*[signature]*
Assistant County Attorney