FILED by ___ D.C.
ELECTRONIC

Nov 22 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STEVEN M. BIRCOLL,                         CASE NO: 05-20954-CIV-MORENO
                                           MAGISTRATE JUDGE SIMONTON
         Plaintiff,

vs.

MIAMI-DADE COUNTY,

         Defendant.
_____/

### Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Strike Jury Trial Demand on Counts I and III of the Complaint

Defendant Miami-Dade County (hereinafter "MDC") moves to strike Plaintiff Steven Bircoll's (hereinafter "Bircoll") request for a trial jury as to his claims of disability discrimination in violation of Title II of the Americans with Disabilities Act (hereinafter "ADA")(Count I) and the Rehabilitation Act (hereinafter "§504") (Count III). MDC contends that this cause is controlled by *Outlaw v. City of Dothan*, 1993 WL 735802 (M.D.Ala. 1993) in which the court struck the plaintiff's demand for a jury trial in an action brought under Title II of the ADA. MDC's reliance on *Outlaw* is misplaced because the Eleventh Circuit has spoken on the issue and held that a jury trial is available in Title II and §504 actions.

1

The instant cause is controlled by the Eleventh Circuit's decision in *Waldrop v. Southern Company Services, Inc.*, 24 F.3d 152 (11th Cir. 1994). In *Waldrop* the Eleventh Circuit applied the two prong standard enunciated in *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990):

> First, the nature of the statutory action is compared to 18th-century actions brought in the English courts prior to the merger of the courts of English courts prior to the merger of the courts of law and equity. Second, the remedy sought is examined to determine whether it is legal or equitable in nature.

*Id.* at 156

The Eleventh Circuit concluded that both prongs were satisfied in an action brought under §504. *Waldrop* is conclusive on the issue.[1]

MDC argues that Bircoll has no right to a jury on his ADA or §504 claims because he can not show intentional discrimination and entitlement to compensatory damages. Bircoll has addressed this argument in his memorandum filed in opposition to MDC's motion for summary judgment. Suffice it to say here, there is evidence os deliberate indifference on the part of MDC which is sufficient to establish intentional

---

[1] There is a substantial similarity between Title II of the ADA and §504 which suggests the *Waldrop* analysis is equally applicable to Title II actions. *Bledsoe v. Palm Beach County Soil and Water Conservation District*, 133 F.3d 816, 821 (11th Cir. 1998)("Congress intended Title II work in the same manner as §504"); *Connors v. West Orange Healthcare Dist.*, 2005 WL 1500899 (M.D. Fla. 2005)("Rights, remedies, and enforcement remedies under Title II are the same as Section 504"); *Badillo v. Court Administration Officer*, 2005 WL 1027176 (M.D.Fla. 2005)("Claims brought under Title II of the ADA and the Rehabilitation Act are "essentially identical").

2

discrimination. Bircoll seeks compensatory damages in his complaint. The motion to strike the jury trial demand should be denied.

        JAY M. LEVY, P.A.
        9130 South Dadeland Boulevard
        Two Datran Center, Suite 1510
        Miami, Florida  33156
        Telephone No:  (305) 670-8100
        Facsimile No:   (305) 670-4827


BY:/s/Jay M. Levy, Esquire_____
    JAY M. LEVY, ESQUIRE
    FLORIDA BAR #: 219754

Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was mailed to Eric A. Hernandez, Assistant County Attorney, Miami-Dade County Attorney, 111 NW 1st Street, Suite 2810, Miami, Florida, 33128, this 22nd day of November, 2005.

       /s/ Jay M. Levy, Esq_____
       Attorneys for Plaintiff