UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STEVEN M. BIRCOLL,           CASE NO: 05-20954-CIV-MORENO
                                        MAGISTRATE JUDGE SIMONTON

    Plaintiff,

vs.

MIAMI-DADE COUNTY, et. al.,

    Defendants.
_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

In Count II of the Complaint, Plaintiff Steven Bircoll ("Bircoll") alleges a claim for relief under 42 U.S.C. §1983. Bircoll alleges that Defendant Miami Dade County ("MDC"), acting under color of state law, violated certain of Bircoll's constitutional rights: his 6th Amendment right to counsel; and his 8th Amendment right against cruel and unusual punishment by failing to provide Bircoll with an interpreter to enable him to communicate with MDC employees (police and corrections officers) and comprehend the circumstances of his arrest and incarceration, and his incarceration in solitary confinement without a reasonable basis for an excessive amount of time without food and water.

MDC has now moved for judgment on the pleadings. MDC contends that since

1

Bircoll was a pretrial detainee, the applicable constitutional right is the due process clause of the 14th Amendment. As the complaint alleges only claims under the 6th and 8th Amendments, MDC contends that it is entitled to the entry of a judgment on the pleadings as to count II. If this court reaches the substantive issues raised by count II, MDC contends that Bircoll has not alleged a violation of his 6th Amendment right to counsel because there is no such right with regard to a traffic stop and alcohol testing. Finally, MDC contends that Plaintiff's allegations do not equate to an 8th Amendment violation.

### The Sixth Amendment Claim

The discrete issue raised herein was reached by the First Circuit in *Roberts v. Maine*, 48 F.3d 1287 (1st Cir. 1995). There, the Court held that the right to counsel attaches only upon the "initiation of adversary judicial criminal proceedings" against a defendant and thereafter the right applies to all "critical stages" of the prosecution, before, during, and after the trial. *Id.* at 1290. In *Roberts* the court concluded there was no right to counsel since formal charges had not been filed against the defendant for drunk driving at the time of his refusal to take the blood alcohol test. *See also*: *Langelier v. Coleman*, 861 F.2d 1508 (11th Cir. 1988); *McVeigh v. Smith*, 872 F.2d 725 (6th Cir. 1989). For this reason, Bircoll concedes the 6th Amendment right to counsel issue and withdraws that portion of count II.

2

## The Failure to Allege a 14th Amendment Violation[1]

MDC argues that Bircoll has not alleged the correct constitutional violation and for this reason, judgment on the pleadings is appropriate on Count II. As alleged, Bircoll's claim is predicated upon a violation of his 8th Amendment right not to be subjected to cruel and unusual punishment. Bircoll agrees with MDC that as an arrestee or a pretrial detainee, the 8th amendment does not apply because he is not a prisoner. Consequently the issue is one of due process under the 14th Amendment. *See*: *Hicks v. Moore*, 422 F.3d 1246 (11th Cir. 2005)(Cases involving mistreatment of pretrial detainees in custody are governed by the due process clause); *Purcell v. Toombs County, Georgia*, 400 F.3d 1313 (11th Cir. 2005)(same). While there is a technical failure in Bircoll's complaint because the wrong constitutional amendment is pled, nevertheless MDC's argument is one of form over substance because the standard to be imposed is exactly the same whether controlled by the 8th Amendment cruel and unusual punishment clause, or the 14th Amendment due process clause. As the 11th Circuit recently noted in *Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005):

> Plaintiff argues that the officers violated Haggard's 14th Amendment rights by using excessive force while subduing Haggard in his cell causing him to suffocate. "Claims

---

[1] Bircoll will confine his discussion to the 8th amendment issue as he has conceded he had no entitlement to counsel at either the traffic stop or during the attempt to have him take the intoxilyzer test.

3

> involving the mistreatment of…pretrial detainees in custody are governed by the 14th Amendment's due process clause instead of the 8th Amendment's cruel and unusual punishment clause, which applies to such claims by convicted prisoners." *Cottrell v. Coldwall*, 85 F.3d 1480, 1490 (11th Cir. 1996). <u>But it makes no difference whether Haggard was a pretrial detainee or a convicted prisoner because "the applicable standard is the same, so decisional law involving prison inmates applies equally in cases involving…pretrial detainees</u>.
>
> *Id.*<br>(Emphasis Added)

Consequently the claim of Bircoll is exactly the same because the same test is utilized regardless of whether Bircoll's constitutional right arises under the due process clause of the 14th amendment or the cruel and unusual punishment clause of the 8th amendment. For this reason, this court should allow Bircoll to interlineate the 14th amendment in lieu of the 8th amendment in Count II since the rest of the claim remains exactly the same.

<u>Bircoll Alleges a Claim for Violation of<br>His Due Process Rights Under the 14th Amendment</u>

The 11th Circuit in *Magluta v. Samples*, 375 F.3d 1269, 1273 set forth the applicable due process standard with regard to pretrial detainees:

> Due process requires that a pretrial detainee not be punished prior to a lawful conviction. *Bell v. Wolfish*, 441 U.S. at 535, 99 S.Ct. at 1872; *McMillan v. Johnson*, 88 F.3d 1554, 1564 (11th Cir. 1996), *amended by*, 101 F.3d 1363 (11th Cir. 1996). However, the government may detain

> individuals to ensure their presence at trial and may subject them to the conditions and restrictions of the detention facility so long as those conditions and restrictions do not amount to punishment. *Bell v. Wolfish*, 441 U.S. at 536-37, 99 S.Ct. at 1873. The determination of whether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the purpose of punishment or whether it is an incident to some legitimate governmental purpose. *Id.* at 538, 99 S.Ct. at 1873; *McMillan*, 88 F.3d at 1564. An intent to punish on the part of detention facility officials is sufficient to show unconstitutional pretrial punishment.

In *Magluta*, the 11th Circuit held that the complaint which alleged that the treatment received during pretrial confinement was solely for the purpose of punishment or retribution and was not justified by any legitimate government objectives stated a claim for relief under §1983 for violation of Magluta's 14th amendment due process clause.

In *Villarreal v. Woodham*, 113 F.3d 202 (11th Cir. 1997), the Court noted that as a matter of due process a pretrial detainee may suffer no more restrictions than are reasonably necessary to ensure their presence at trial. The Court citing to the United States Supreme Cout in *Bell v. Wolfish*, held that "If a particular condition or restriction of pretrial detention is reasonable related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id* at 207. Thus the allegations of Bircoll's complaint must established that his pretrial detainment solitary confinement was intended as a punishment as opposed to the furthering of a legitimate

5

governmental policy.

The complaint alleges in count II that there was no justifiable reason for Plaintiff to be put into the solitary confinement cell for an "inordinate and excessive amount of time without food and water". This is sufficient to state a claim for violation of the due process clause with regard to a pretrial detainee as it suggests that there was no legitimate governmental objective furthered by placing Bircoll in solitary confinement without food or water. See: *Anelav v. City of Wildwood*, 790 F.2d 1063 (3rd Cir. 1986)(Overnight detainment of female arrestees following arrest for violating anti-noise ordinance in jail cells until following day at noon without drinking water, food, or sleeping facilities constitutes punishment in violation of the 14th amendment).

## Conclusion

MDC's Motion for Judgment on the Pleadings as to Count II should be denied in so far as it relates to the 8th Amendment claim.

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was e mailed and mailed to Eric A. Hernandez, Assistant County Attorney, Miami-Dade County Attorney, 111 NW 1st Street, Suite 2810, Miami, Florida, 33128, this 1st day of December, 2005.

6

JAY M. LEVY, P.A.
9130 South Dadeland Boulevard
Two Datran Center, Suite 1510
Miami, Florida  33156
Telephone No:  (305) 670-8100
Facsimile No:    (305) 670-4827


BY:……/s/*Jay M. Levy, Esquire*
         JAY M. LEVY, ESQUIRE
         FLORIDA BAR #: 219754